IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEYA C. DRAPER,<br><br>Plaintiff,<br><br>vs.<br><br>DOCULYNX, INC.,<br><br>Defendant. | 8:18CV374<br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff filed her Complaint in this matter on August 8, 2018. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

Plaintiff filed her Complaint in this matter against Doculynx, Inc. ("Defendant"), where she had been employed from January 23, 2017, to March 17, 2017. (Filing No. 1 at CM/ECF pp. 1, 7.) Plaintiff alleges that Defendant discriminated against her on the basis of age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and the Nebraska Age Discrimination in Employment Act ("NADEA"), NEB. REV. STAT. §§ 48-1001-1010; and on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, and the Nebraska Fair Employment Practice Act ("NFEPA"), NEB. REV. STAT. §§ 48-1101-1126. (*Id.* at CM/ECF p. 7.) Plaintiff's filings include the charge of discrimination that she filed with the Nebraska Equal Opportunity Commission ("NEOC") and Equal Employment Opportunity Commission ("EEOC") on March 30, 2017. (*Id.* at CM/ECF pp. 6–8.) In assessing Plaintiff's Complaint, the court will consider the allegations raised in Plaintiff's NEOC charge of discrimination, as well as those

raised in the Complaint. *See Coleman v. Correct Care Solutions*, 559 Fed. App'x. 601, 602 (8th Cir. 2014).

Plaintiff, a female in her 40s, was placed by Express Services, Inc. with Defendant on January 23, 2017, as a Scanner. (Filing No. 1 at CM/ECF p. 7.) Beginning in or around March 1, 2017, Plaintiff alleges she was "verbally [and] sexually harassed" by another employee of Defendant named Tasha, a female in her 40s. (*Id*. at CM/ECF pp. 4, 7.) Tasha made insulting comments and gestures to Plaintiff like "fat bitches are a trip" and would "avoid areas that [Plaintiff] would be in such as not eating lunch when [Plaintiff] was in the break room, instead eating at her desk or in her car." (*Id*. at CM/ECF p. 7.) Tasha would also "mimic [Plaintiff] and walk with her nose in the air." (*Id*.)

On March 15, 2017, Plaintiff complained about the harassment to Ray, a male manager in his 20s, and to her Express Employment Recruiter Pam, a female in her 40s. Plaintiff also called the local police to report that she was not safe at work. The police interviewed Plaintiff and Ray and asked Ray if Tasha and Plaintiff could be separated from each other. Ray offered to move Plaintiff's work station, and Plaintiff refused that move. Pam told Plaintiff not to return to work on March 16, 2017, and that she would investigate the situation and call Plaintiff on March 17, 2017. Pam informed Plaintiff on March 17, 2017, that her assignment with Defendant was ended. Plaintiff alleges her job performance was satisfactory and that Tasha did not lose her assignment.

Plaintiff alleges Defendant "did nothing to ensure [her] safety and provide a safe work environment" after she informed Defendant of Tasha's harassment, but instead fired Plaintiff. (*Id*. at CM/ECF p. 4.) As relief, Plaintiff seeks $250,000.00 "in punitive damages" for the humiliation and mental impact she suffered. (*Id*.) The right-to-sue notice attached to Plaintiff's Complaint reflects that she filed suit in this court within 90 days of her receipt of the right-to-sue notice from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1) (a charging party has 90 days from the

receipt of the right-to-sue notice to file a civil complaint based on a charge of discrimination).

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff asserts claims of age and sex discrimination. The court has considered Plaintiff's discrimination claims under three potential

theories: disparate treatment, retaliation, and hostile work environment. For the reasons discussed below, Plaintiff's Complaint does not state a claim for relief under any of the three theories.

A plaintiff need not plead facts sufficient to establish a prima facie case of employment discrimination in his or her complaint. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-12 (2002) (holding a complaint in employment discrimination lawsuit need not contain "facts establishing a prima facie case," but must contain sufficient facts to state a claim to relief that is plausible on its face), *abrogated in part on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, the elements of a prima facie case are relevant to a plausibility determination. *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013) (stating elements of a prima facie case are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim"); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.").

**A. Age Discrimination**

Plaintiff asserts claims under the ADEA and the NADEA. The ADEA protects individuals over 40 and prohibits an employer from failing or refusing to hire, discharging, or otherwise discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. 29 U.S.C. § 623(a); *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 523 (8th Cir. 2010). The NADEA offers similar protection. *See* Neb. Rev. Stat. § 48-1004(1)(a). The NADEA is interpreted in conformity with the ADEA, and the court will apply the same analysis to both claims. *See Billingsley v. BFM Liquor Mgmt., Inc.*, 645 N.W.2d 791, 801 (Neb. 2002). The court looks to the

elements of a prima facie case of discrimination in assessing whether Plaintiff has pled enough facts to make entitlement to relief plausible.

   *i. Disparate Treatment*

Disparate treatment cases present the most easily understood type of discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009). Disparate treatment occurs where an employer treats particular individuals less favorably than others because of a protected trait. *Id.* To set forth a prima facie claim of age discrimination, a plaintiff must establish that (1) he is over 40; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) similarly-situated employees outside the class were treated more favorably. *Anderson*, 606 F.3d at 523. "The hallmark of an ADEA disparate-treatment claim is intentional discrimination against the plaintiff on account of the plaintiff's age." *Rothmeier v. Inv. Advisers, Inc.*, 85 F.3d 1328, 1331 (8th Cir. 1996). This requires proof that age was the "but-for" cause of the employer's adverse decision. *Gross v. FBL Fin. Servs. Inc.*, 557 U.S. 167, 176-78 (2009).

Here, Plaintiff alleged that she is over 40 and her job performance was satisfactory. In addition, the termination of Plaintiff's assignment with Defendant is an adverse employment action. However, the court cannot infer Plaintiff's age was a cause of her termination. There are no facts to suggest the termination was because of Plaintiff's age. Plaintiff alleges that Tasha did not lose her assignment, but Tasha is also over age 40. Thus, Plaintiff has not alleged facts suggesting that persons outside the protected class were treated more favorably. Accordingly, the court finds that Plaintiff has failed to state an ADEA disparate treatment claim upon which relief can be granted.

   *ii. Retaliation*

The ADEA makes it unlawful for an employer to discriminate against an employee because she has opposed any practice made unlawful by the ADEA, or

because the employee has participated in any manner in an investigation, proceeding, or litigation. 29 U.S.C. § 623(d). To state a claim for retaliation, Plaintiff must allege facts showing that (1) she engaged in ADEA-protected activity; (2) her employer took an adverse employment action against her; and (3) there is a causal connection between the two events. *Lors v. Dean*, 746 F.3d 857, 865, 867 (8th Cir. 2014).

Here, Plaintiff alleges no facts to suggest she engaged in ADEA-protected activity. "Only activity done to oppose age discrimination is protected conduct under the ADEA." *Ambers v. Vill. Family Serv. Ctr., Inc.*, 329 F. Supp. 2d 1046, 1051 (D.N.D. 2004) (citing *Trammel v. Simmons First Bank of Searcy*, 345 F.3d 611, 615 (8th Cir.2003)); *see also Jeseritz v. Potter*, 282 F.3d 542, 548 (8th Cir. 2002) (stating that the conduct must involve some kind of opposition to the employer's practice that the employee reasonably believes violates the statute). Plaintiff states only that she complained to the manager, Ray, about Tasha's harassment. The court cannot reasonably infer from Plaintiff's Complaint that her complaints to management involved any opposition to age-based discrimination. Thus, based on the facts alleged, Plaintiff has failed to state an ADEA retaliation claim.

*iii. Hostile Work Environment*

Liberally construed, Plaintiff's Complaint may be understood to raise a claim of hostile work environment based on age. To prove a claim of hostile work environment based on age, Plaintiff must show (1) she belongs to a protected group, (2) she was subjected to unwelcome harassment based on age, (3) the harassment affected a term, condition, or privilege of her employment; (4) her employer knew or should have known of the harassment; and (5) the employer failed to take proper action. *Rickard v. Swedish Match N. Am., Inc.*, 773 F.3d 181, 184–85 (8th Cir. 2014) (citing *Peterson v. Scott Cnty.*, 406 F.3d 515, 523–24 (8th Cir. 2005)). "To determine whether the harassment affected a term, condition, or privilege of [Plaintiff's] employment, we must consider the totality of the

circumstances, including the frequency and severity of the conduct, whether it is physically threatening or humiliating, and whether it unreasonably interferes with [Plaintiff's] job performance." *Moses v. Dassault Falcon Jet-Wilmington Corp*, 894 F.3d 911, 922 (8th Cir. 2018) (quoting *Sellers v. Deere & Co.*, 791 F.3d 938, 945 (8th Cir. 2015)) (internal quotation marks and alterations omitted).

Plaintiff has failed to allege any facts suggesting that the harassment she endured from Tasha is linked to her age. Again, Tasha is alleged to be over 40 and within the protected group like Plaintiff. In addition, none of Tasha's comments or actions refers in any way to Plaintiff's age.

Even if Plaintiff had alleged a link between the harassment and her age, the Complaint's allegations fail to suggest conduct that is severe enough to support a hostile work environment claim. Conduct affecting a term, condition, or privilege of employment "requires that '[t]he harassment ... be severe or pervasive enough to create an objectively hostile or abusive work environment and the victim must subjectively believe her working conditions have been altered.'" *Moses*, 894 F.3d at 922 (quoting *Sandoval v. Am. Bldg. Maint. Indus., Inc.*, 578 F.3d 787, 801 (8th Cir. 2009)) (internal quotation marks omitted). "[M]erely rude or unpleasant conduct are insufficient to affect the terms and conditions of employment." *Id.* at 922–23 (quoting *Alvarez v. Des Moines Bolt Supply, Inc.*, 626 F.3d 410, 420 (8th Cir. 2010)) (internal quotation marks omitted). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Id.* at 923 (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, (1998)) (internal quotation marks omitted).

Here, Plaintiff alleges that she was harassed by Tasha for an approximately two-week period in March 2017. Even under the most liberal construction, the harassment alleged by Plaintiff, while certainly "rude or unpleasant," does not suggest conduct severe enough to affect the terms, conditions, or privileges of

Plaintiff's employment. Accordingly, Plaintiff has failed to state a plausible ADEA hostile work environment claim.

**B. Title VII**

Plaintiff also brings claims under Title VII and the NFEPA. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The same analysis governs Plaintiff's claims under Title VII and the NFEPA. *See Leiting v. Goodyear Tire & Rubber Co.*, 117 F.Supp.2d 950, 955 (D. Neb. 2000); *Father Flanagan's Boys' Home v. Agnew*, 590 N.W.2d 688, 693 (Neb. 1999). Plaintiff alleges discrimination on the basis of sex.

*i. Disparate Treatment*

Liberally construed, Plaintiff alleges a disparate treatment claim based on sex. To state a prima facie claim of discrimination, Plaintiff must allege facts showing that (1) she is a member of a protected class; (2) she met her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination. *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1019 (8th Cir. 2011). "The required prima facie showing is a flexible evidentiary standard, and a plaintiff can satisfy the fourth part of the prima facie case in a variety of ways, such as by showing more-favorable treatment of similarly-situated employees who are not in the protected class, or biased comments by a decisionmaker." *Id.* (internal quotations and citations omitted).

Here, Plaintiff has alleged she is a member of a protected class, her job performance was satisfactory, and she suffered an adverse employment action (i.e., termination from her assignment). However, the court cannot reasonably infer that circumstances exist that give rise to an inference of discrimination based on

Plaintiff's sex. Plaintiff alleges no facts suggesting someone outside of her protected class was treated more favorably and was similarly situated. Accordingly, Plaintiff has failed to state a discrimination claim upon which relief may be granted.

*ii. Retaliation*

Title VII also prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation, a plaintiff must present evidence that (1) she engaged in a protected activity; (2) an adverse employment action was taken against her; and (3) a causal connection exists between the two. *Barker v. Missouri Dep't of Corr.*, 513 F.3d 831, 835 (8th Cir. 2008).

As with Plaintiff's ADEA retaliation claim, the court concludes that Plaintiff has failed to allege sufficient facts to demonstrate that she engaged in activity protected under Title VII. "A plaintiff engages in protected conduct when he or she opposes an unlawful employment practice." *Gustafson v. Genesco, Inc.*, 320 F. Supp. 3d 1032, 1051 (S.D. Iowa 2018) (citing 42 U.S.C. § 2000e–3(a)). "A plaintiff need not establish the conduct which she opposed was in fact discriminatory but rather must demonstrate a good faith, reasonable belief that the underlying challenged conduct violated the law." *Buettner v. Arch Coal Sales Co.*, 216 F.3d 707, 714 (8th Cir. 2000). "Conduct is not actionable under Title VII if no reasonable person could have believed the incident violated Title VII's standard." *Barker*, 513 F.3d at 835.

Here, Plaintiff complained to Defendant about the harassment by Tasha, but the facts alleged in the Complaint fail to suggest that a reasonable person could have believed the complained-of harassment violated Title VII's standard. The allegations fail to suggest any link between the harassment and Plaintiff's sex.

9

Rather, the comments and actions by Tasha appear to focus on Plaintiff's appearance. (*See* Filing No. 1 at CM/ECF p. 7.) Plaintiff's allegations merely suggest a number of isolated incidents of rude and unpleasant behavior over a two-week period, culminating in Plaintiff's report to a manager and the police which resulted in nothing more than a suggestion that Plaintiff and Tasha be separated. The court cannot reasonably infer from these allegations that the harassment was of an extreme nature or was physically threatening. Thus, as alleged, the harassment directed at Plaintiff is not actionable under Title VII. *See LeGrand v. Area Res. for Cmty. & Human Servs.*, 394 F.3d 1098, 1101–02 (8th Cir. 2005) (finding that "to be actionable, conduct must be extreme and not merely rude or unpleasant").

### *iii. Hostile Work Environment*

Title VII also prohibits discrimination based on sex that creates a hostile or abusive working environment. *Linville v. Sears, Roebuck & Co.*, 335 F.3d 822, 823 (8th Cir. 2003). To state a claim for hostile work environment based on sex, a plaintiff must show that "(1) he belongs to a protected group; (2) he was subject to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take proper remedial action." *Id*. at 823–24. The standards discussed with respect to Plaintiff's ADEA hostile work environment claim regarding the severity and pervasiveness of the harassment required to create an objectively hostile or abusive work environment are equally applicable to a sex-based hostile work environment claim. *See Sandoval v. Am. Bldg. Maint. Indus., Inc.*, 578 F.3d 787, 801 (8th Cir. 2009) (For a sex-based hostile work environment claim, "[t]he harassment must be severe or pervasive enough to create an objectively hostile or abusive work environment and the victim must subjectively believe her working conditions have been altered." (internal quotation marks omitted)). *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270–71, 121 S. Ct. 1508, 1509–10, 149 L. Ed. 2d 509 (2001) ("[S]exual harassment is actionable under Title VII only if it is 'so severe or pervasive as to

alter the conditions of [the victim's] employment and create an abusive working environment.'" (quoting *Faragher*, 524 U.S. at 786 (internal quotations omitted))).

Based on the facts alleged, the court concludes Plaintiff has not stated a plausible hostile work environment claim under Title VII. Plaintiff has failed to allege any facts suggesting that the harassment she endured from Tasha was "based on sex." See *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 79–80 (1998) (Title VII does not prohibit all verbal or physical harassment in workplace; plaintiff must show conduct was not merely tinged with offensive sexual connotations, but actually constituted "discrimination because of sex"). In addition, and as the court concluded with respect to Plaintiff's ADEA hostile work environment claim, the harassment alleged by Plaintiff does not suggest conduct severe enough to affect the terms, conditions, or privileges of Plaintiff's employment. Accordingly, Plaintiff has failed to state a plausible Title VII hostile work environment claim.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a plausible claim for relief for either age- or sex-based discrimination. On its own motion, the court will grant Plaintiff leave to file an amended complaint that sufficiently alleges an employment discrimination claim upon which relief may be granted. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice and without further notice.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **April 29, 2019**, to file an amended complaint that sufficiently alleges an employment discrimination claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without prejudice and without further notice to Plaintiff.

2. The clerk of court is directed to set a pro se case management deadline using the following text: **April 29, 2019**: check for Amended Complaint.

Dated this 29th day of March, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge