IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEYA C. DRAPER,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>DOCULYNX, INC.,<br><br>　　　　　　　Defendant. | 8:18CV374<br><br>MEMORANDUM<br>AND ORDER |

　　　This matter is before the court on its own motion. On March 29, 2018, after an extensive initial review of Plaintiff's Complaint, the court determined that Plaintiff had failed to allege plausible claims of age and sex discrimination against Defendant and ordered Plaintiff "to file an amended complaint that sufficiently alleges an employment discrimination claim upon which relief may be granted." (Filing No. 6 at CM/ECF p. 11.) Plaintiff was warned that "[f]ailure to file an amended complaint within the time specified by the court will result in the court dismissing this case without prejudice and without further notice to Plaintiff." (*Id*.)

　　　Instead of filing an amended complaint as directed, Plaintiff submitted a letter to the court on April 18, 2019, that: (1) reiterates her belief that she was treated poorly by Defendant; (2) generally alleges that Defendant did not follow proper investigation procedures upon receiving her complaint of harassment; (3) describes additional "unwanted behavior" by Tasha towards Plaintiff including "talk[ing] under [Plaintiff's] clothes" and "describe[ing] [Plaintiff's] buttock"; and (4) asks the court to grant her relief for her pain and suffering. (Filing No. 7.)

　　　I shall dismiss Plaintiff's case because Plaintiff failed to follow the court's order to file an amended complaint consistent with the court's previous Memorandum and Order (filing no. 6). See *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("A district court has power to dismiss an action for refusal of the

plaintiff to comply with any order of court, Fed.R.Civ.P. 41(b), and such action may be taken on the court's own motion."); *Tyler v. City of Omaha*, 780 F. Supp. 1266, 1275 (D. Neb. 1991), *remanded without opinion*, 953 F.2d 648 (8th Cir. 1991) (table) (recommending dismissal of pro se amended complaint that did not remedy failings noted in order on initial review of original complaint; dismissal "is warranted as plaintiff has received full notice of the insufficiency of []his claims and received a meaningful opportunity to respond through the invitation to file an amended complaint in order to remedy the noted failings," but failed to do so); NEGenR 1.3(g) ("Unless stated otherwise, parties who proceed pro se are bound by and must comply with all local and federal procedural rules."); 9 Charles A. Wright, et al., *Federal Practice and Procedure* § 2369 (3d ed. 2019) ("pro se plaintiffs are fully responsible for compliance with court orders, rules, and schedules"). Even if the court liberally construed Plaintiff's correspondence as supplemental to her original Complaint, the additional allegations put forth by Plaintiff fail to remedy the deficiencies identified by the court upon initial review.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice because Plaintiff failed to prosecute it diligently and failed to comply with this court's orders.

2. The court will enter judgment by a separate document.

Dated this 13th day of May, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge